UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: PBC MANAGEMENT, LLC, FMT HEAVY OIL TRANSPORTATION, LLC, AS OWNER, AND FMT INDUSTRIES, LLC, AS OPERATOR OF THE M/V CAPT. ANDY LAKE** | **CIVIL ACTION**<br>**NO: 25-02186**<br>**SECTION: T (5)** |

## ORDER AND REASONS

Before the Court is the Motion to Lift Stay/Dissolve Limitation (R. Doc. 6), filed by Claimant, Steven Giacona. Claimant's Motion seeks an order dissolving the limitation stay in this matter and allowing him to proceed with his case in state court. R. Doc. 6. PBC Management, LLC; FMT Heavy Oil Transportation, LLC, as Owner, and FMT Industries, as Operator, of the M/V CAPT. ANDY LAKE; and Florida Marine, LLC[1] (collectively, "Petitioners") oppose the Motion. R. Doc. 7. Claimant filed a reply memorandum in support. R. Doc. 8. Having considered the arguments, the record, and the applicable law, the Court finds that Claimant's Motion should be **DENIED WITHOUT PREJUDICE** to Claimant's right to renew his motion and file amended stipulations in accordance with this order.

## FACTUAL BACKGROUND

This matter arises from an alleged incident on June 14, 2024, aboard the M/V CAPT. ANDY LAKE, a ninety-foot commercial push boat. R. Doc. 1, p. 3. Claimant, Steven Giacona, alleges that while serving as a mate performing tankerman duties in the Houston Ship Channel, he injured his lower back and hip while using his body weight to loosen bolts on a dock arm at a shore-side facility. R. Doc. 4, pp. 6–7; R. Doc. 6-1, p. 1. Petitioners deny the incident occurred as

[1] The Complaint alleges that Florida Marine, LLC was not involved with the vessel and was improperly named in the Texas action. R. Doc. 1, p. 3.

alleged and assert that Claimant was not aboard the vessel on the date in question. R. Doc. 1, p. 3; R. Doc. 7, p. 2.

On April 22, 2025, Claimant filed a Petition for Damages in the 295th Judicial District Court for Harris County, Texas, No. 202528332, against Florida Marine, LLC and PBC Management, LLC, asserting claims for Jones Act negligence, unseaworthiness, general maritime negligence, and maintenance and cure. R. Doc. 1-2, pp. 3–8. On October 23, 2025, Petitioners filed this Complaint for Exoneration From and/or Limitation of Liability and an *ad interim* stipulation of $6,372,022.00, representing the alleged value of their interest in the M/V CAPT. ANDY LAKE and her pending freight. R. Doc. 1, pp. 4–5; R. Doc. 1-1, p. 2. The Court approved the stipulation, enjoined further proceedings against Petitioners arising from the June 14, 2024, incident, and ordered that all related claims be filed by March 31, 2026. R. Doc. 3, pp. 1–3; R. Doc. 3-1.

Claimant filed an Answer and Claim on March 31, 2026. R. Doc. 4. No other claims were filed. Claimant now moves to dissolve the limitation injunction and lift the stay so he may pursue his claims in state court. R. Doc. 6. He argues that this is a single-claimant limitation action and that his stipulations sufficiently protect Petitioners' limitation rights under Fifth Circuit jurisprudence. R. Doc. 6-1, pp. 2–6. Specifically, Claimant stipulates as follows:

1. Claimant stipulates that Petitioner, PBC Management, LLC, is entitled to and has the right to litigate all issues relating to limitation of liability under the provisions of 46 U.S.C. §§ 30501-30512 in this Court pursuant to this Court's exclusive jurisdiction to determine all issues related to its right to limit.

2. Claimant reserves the right to deny and contest in this Court (and appellate courts with jurisdiction to review this Court's orders) all assertions and allegations made by Petitioner in the Complaint Seeking Exoneration From or Limitation of Liability filed herein.

3. Claimant will not seek in any action, other than the action in this Court in which this stipulation is filed, any judgment or ruling on the issue of Petitioner's right to limitation of liability, and hereby consents to waive any claim of res judicata relevant to the issue of limitation of liability based upon any judgments that

may be rendered in Claimant's pending state court action or any other action.

4. Claimant stipulates and agrees that if Petitioner is held responsible for attorneys' fees and costs which may be assessed against it by a co-liable defendant party seeking indemnification for attorneys' fees and costs, such claim shall have priority over the claim of Claimant and that Claimant's recovery will be limited to his pro rata portion of the proper limitation fund, as reduced by the amounts of such attorneys' fees or costs (all as determined by order of this Court and any appellate review thereof). All other references to the "proper limitation fund" in this stipulation are intended to mean the proper limitation fund, as reduced on account of any award of attorneys' fees and costs as specified in the preceding sentence.

5. Claimant agrees that, in the event he reaches a settlement with Petitioner that is funded before the resolution of the claims of all Claimants, all settlement funds will be held in trust by Claimant's counsel until the latter of (i) the resolution of the claims of all Claimants, whether by judgment or settlement, and (ii) a final adjudication by this Court (including any appellate review) of Petitioner's entitlement to limitation and the amount of the proper limitation fund. Claimant further agrees that, in the event that the judgments and recoveries on the claims of Claimant cumulatively exceed the amount established as the proper limitation fund, then any settlement funds resulting from Claimant's settlement with Petitioner in excess of Claimant's pro rata portion of the proper limitation fund shall be distributed to the other Claimants, if any, in proportion to their pro rata percentage of the proper limitation fund, as determined by the ratio of each Claimant's judgment or settlement to the total amount of all judgments or settlements of all Claimants.

6. Claimant agrees that, in the event that Claimant's claims against Petitioner are reduced to final judgment before the resolution of all Claimant's claims, Claimant will defer any effort to execute on such judgment until the latter of (1) the resolution of the claims of all Claimants, whether by judgment or settlement, and (2) a final adjudication by this Court (including any appellate review) of Petitioner's entitlement to limitation and the amount of the proper limitation fund. Claimant further agrees that, in the event that the judgments and recoveries of Claimant against Petitioner, if any, cumulatively exceed the amount established by this Court as the proper limitation fund, Claimant will not seek to enforce, by execution or otherwise, execute on the portion, if any, of a judgment or recovery against Petitioner that exceeds Claimant's judgment to the total amount of all judgments or settlements of all Claimants.

7. Claimant specifically reserves the right to challenge in this Court the value of the limitation fund, the value of Petitioner's interest in the *M/V CAPT. ANDY LAKE*, as week as her engines, gear, tackle, etc. which Petitioner has averred to be $6,372,022.00.

8. Claimant agrees to abide by this stipulation in all respects unless Petitioner and Claimant agree in writing to permit Claimant's departure from the provisions of this stipulation.

9. Claimant stipulates that he will not transfer any judgment against Petitioner to any third party without providing the prospective transferee, in advance of such transfer, with a copy of this stipulation, as well as prior written notice that execution of the judgment is subject to, and restricted in accordance with, this stipulation.

10. Claimant acknowledges and understands that he had an absolute right to retain and consult with independent counsel prior to consenting to this stipulation. Claimant represents that he is entering into this stipulation of his own free will.

R. Doc. 6-1, pp. 3–5.

Petitioners oppose the motion, arguing that even where a claimant provides the necessary stipulations, whether to dissolve a stay remains within the discretion of the district court. R. Doc. 7, p. 6–7. Petitioners urge this Court to retain jurisdiction over the issues of limitation, liability, and allocation of fault to appropriately protect their right to address limitation in a federal forum. *Id.* at 7. Claimant responds that under Fifth Circuit precedent, in a single-claimant case, upon providing the required stipulations, a district court must lift the stay and allow Claimant to pursue his state-court action. *See* R. Doc. 8.

## Law and Analysis

### I. The Limitation of Liability Act

Congress enacted the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 et seq. (the "Act"), "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001) (quoting *Norwich & N.Y Transp. Co. v. Wright*, 80 U.S. 104, 121 (1872)). Under the Act, shipowners may bring an action in federal court and limit liability to the value of the vessel and pending freight if the incident occurred without the owner's privity or knowledge. *In re N&W Marine Towing, L.L.C.*, 31 F.4th

968, 970 (5th Cir. 2022) (first citing 46 U.S.C. § 30511(a); then citing 46 U.S.C. § 30523; also citing *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (summarizing Limitation Act); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (same)).

When a shipowner files a limitation action, the federal court stays related proceedings, requires all claimants to assert their claims in the limitation proceeding, and preserves the owner's right to seek limitation of liability in a federal forum. *Magnolia Marine*, 964 F.2d at 1575. The court's primary concern is protecting the owner's right to limitation and ensuring that liability does not exceed the limitation fund. *Id.* The Act defines "owner" to include certain charterers who man, supply, and navigate a vessel at their own expense. 46 U.S.C. § 30501(2). Federal courts have exclusive jurisdiction over actions brought under the Act. *See, e.g.*, *Texaco, Inc. v. Williams*, 47 F.3d 765 (5th Cir. 1995).

## II. The Savings to Suitors Clause

The Limitation Act is tempered by the saving to suitors clause. *Odeco Oil*, 74 F.3d at 674 (citing 28 U.S.C. § 1333(1) (giving federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but "saving to suitors in all cases all other remedies to which they are otherwise entitled")); *N&W Marine Towing*, 31 F.4th at 971 (citing *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004) (noting although the Act grants shipowners the exclusive right to seek limitation of liability in federal court, claimants generally retain a choice of forum and remedies under the saving to suitors clause)). The resulting tension between these competing rights is "a recurring and inherent conflict." *Id.*

The Fifth Circuit has

> recognized "two instances in which a district court must allow a state court action to proceed":

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* (quoting *Odeco Oil*, 74 F.3d at 674). Thus, when sufficient stipulations protect a shipowner's rights under the Act, claimants may proceed in state court. *Tetra Applied Techs.*, 362 F.3d at 341 (citing *Lewis*, 531 U.S. at 454) (finding where a district court "satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion").

The Fifth Circuit has additionally held that "a single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the Act." *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006). In that circumstance, the rights of both the shipowner and claimant are protected. *Id.*

**III. Adequacy of Claimant's Stipulations**

The Supreme Court has held that a shipowner's limitation rights are "adequately protected by stipulations that allow[] the federal proceeding to go forward after a determination on the merits by a state court and with ultimate recovery limited, at a maximum, to the total value of the fund." *Tetra Applied Techs.*, 362 F.3d at 343 (citing *Lewis* 531 U.S. at 453–54).

At a minimum, a claimant must stipulate that: (1) the admiralty court has exclusive jurisdiction over all limitation issues; and (2) no judgment will be enforced in excess of the limitation fund until the limitation proceeding is resolved. *Texaco*, 47 F.3d at 767.

Here, the monition period imposed by the Court concluded on March 31, 2026. R. Doc. 3, p. 2. Claimant filed the only claim. R. Doc. 4. Thus, the requirement that "*all claimants* must sign the stipulation protecting the shipowner's rights under the Limitation Act" is satisfied. *Odeco Oil*, 74 F.3d at 675. *See also In re Deloach Marine Servs. LLC*, 408 F. Supp. 3d 786, 788–89 (W.D. La. 2019) (denying motion to lift stay because "all claimants have not signed the stipulation"); *In re Energetic Enters., Inc.*, No. CIV.A. 95-3815, 1996 WL 116228, at *1 (E.D. La. Mar. 13, 1996) (same). Moreover, Petitioners do not contend that Claimant is not the sole claimant in this matter.

Claimant's stipulations contain all substantive protections required by the Fifth Circuit. *See* R. Doc. 6-1, pp. 3–5. Specifically, Claimant: acknowledges this Court's exclusive jurisdiction over limitation issues (Stipulation 1); agrees not to seek rulings on limitation in another forum and waives any res judicata defense as to limitation (Stipulation 3); agrees not to enforce any judgment beyond his pro rata share of the limitation fund pending this Court's ruling (Stipulations 5 and 6); and recognizes priority for any claims for indemnity-based attorneys' fees and costs by a co-liable defendant (Stipulation 4). *Id.*

Claimant's reservation of his right to contest the value of the limitation fund (Stipulation 7) does not render the stipulations inadequate. A claimant need not concede the value of the vessel or its pending freight. *In re Two "R" Drilling Co.*, 943 F.2d 576, 578 (5th Cir. 1991) (affirming district court's order lifting stay where claimant did not concede value of vessels and freight). Both this Court's Order of October 24, 2025, R. Doc. 3, and Supplemental Rule F(7) of the Federal Rules of Civil Procedure expressly preserve that right.[2] Finally, a stipulation concerning

[2] "The Supreme Court has noted that the Limitation Act is 'not a model of clarity,' in part because Congress, having created a right to seek limited liability … did not provide procedures for determining the entitlement.' Because it found the Act to be 'incapable of execution' without further instructions to the courts, the Supreme Court promulgated procedural rules to govern limitation actions…. The procedure for a limitation action is now contained in Supplemental Admiralty and Maritime Claims Rule F." *Tetra Applied Techs.*, 362 F.3d at 340 (quoting *Lewis*, 531

exoneration is not required. *See In re Tidewater, Inc.*, 249 F.3d 342, 347 (5th Cir. 2001) ("Requiring an exoneration stipulation would enlarge shipowners' rights under the Limitation Act and abridge claimants' rights under the saving to suitors clause.").

However, one deficiency exists in Claimant's stipulations. As drafted, the stipulations only apply to a single Petitioner. Stipulation 1 specifically refers to "Petitioner, PBC Management, LLC," and the remaining stipulations refer to "Petitioner" in the singular. R. Doc. 6-1, pp. 3–5. The Complaint, however, identifies FMT Industries, LLC as the owner of the M/V CAPT. ANDY LAKE and FMT Heavy Oil Transportation, LLC as her operator.[3] R. Doc. 1, pp. 2–3. Because the Act's protections extend to qualifying owners, the stipulations must protect each Petitioner that may establish limitation. *See In Matter of Westbank Corp.*, No. CIV. A. 95-4087, 1996 WL 363539, at *3 (E.D. La. June 28, 1996) (ordering claimant to file amended stipulations to include all petitioners). Before dissolving the injunction, the Court requires Claimant to file amended stipulations extending those protections to all Petitioners.[4]

**IV. Scope of the Court's Retained Jurisdiction**

Petitioners ask the Court to retain jurisdiction over "the matters of limitation, liability, and allocation of fault," while permitting only Claimant's damages claims to proceed in state court. R. Doc. 7, pp. 1, 10. The Court declines.

The Fifth Circuit has repeatedly held that when a single claimant provides adequate stipulations, the district court must allow the state-court action to proceed while retaining

U.S. at 447). Under Rule F, a claimant retains the right to contest the amount of the fund. Fed. R. Civ. P. Supp. R. F(7).

[3] Florida Marine, LLC, while named, alleges it had no involvement with the vessel. *See supra* note 1.

[4] This does not oblige Claimant to concede the threshold question of which Petitioners, if any, may invoke the Act; that question is reserved to this Court. *See Westbank Corp.*, 1996 WL 363539 at *3 (citation omitted) (requiring stipulations to apply to all petitioners without conceding any petitioner's "right to have its liability limited, only [its] right to have that matter adjudicated exclusively in the admiralty court.").

jurisdiction only over limitation issues. *Tetra Applied Techs.*, 362 F.3d at 340–41 (emphasis added) (citations omitted) ("[W]here a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court, the federal court **must allow the claimant's action to proceed in state court** while retaining jurisdiction over the limitation of liability action … **if the necessary stipulations are provided** to protect the rights of the shipowner under the Limitation Act."). Thus, "when a claimant makes the appropriate stipulations," a district court must lift the stay. *N&W Marine Towing*, 31 F.4th at 974.

Petitioners do not argue that Claimant's stipulations are substantively inadequate. Subject to Claimant amending and extending those stipulations to all Petitioners, the Court finds that Claimant's stipulations effectively protect the rights of Petitioners under the Act.

## Conclusion

Upon filing amended stipulations, Claimant will be entitled to pursue his remedies in state court under the saving to suitors clause while Petitioners retain their right to have this Court decide all limitation issues. Claimant may therefore renew his motion to lift the stay, provided he files amended stipulations consistent with this ruling no later than November 30, 2026.

Accordingly,

**IT IS ORDERED** that Claimant's motion is **DENIED WITHOUT PREJUDICE** to his right to renew his motion upon filing amended stipulations consistent with this ruling no later than November 30, 2026.

New Orleans, Louisiana, this 16th day of November 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE